UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 6:14-CV-1080 |
| VERSUS | JUDGE DOHERTY |
| 2013 JEEP WRANGLER SPORT UTILITY VEHICLE VIN 1C4BJWCG4DL590788 | MAGISTRATE JUDGE HANNA |

MEMORANDUM RULING

Before the Court is the Motion to Stay by the government [Rec. Doc. 3], which motion has been referred to the undersigned for ruling. [Rec. Doc. 7]. Oral argument was heard on the motion on August 26, 2014.

### Factual and Procedural Background

As part of a criminal investigation, Task Force agents monitored telephone calls of a suspect during his incarceration in Iberia Parish Jail between August 23, 2013 and November 8, 2013. Telephone conversations between the suspect and Amy Messa were interpreted to convey that Messa had allowed another individual to use her 2013 Jeep Wrangler to transport methamphetamine from Texas to Louisiana, and that Messa was paid for that favor with methamphetamine. The interpretation was confirmed by a cooperating witness.

On January 6, 2014, narcotics agents went to Messa's residence; she consented to a search of the residence, and she admitted allowing an individual to use her Jeep for two trips to Texas. On January 9, 2014, DEA agents administratively seized Messa's 2013

Jeep Wrangler pursuant to provisions of 21 U.S.C. §881(a)(4), as a vehicle used to transport/facilitate transport of controlled substances.

On March 4, 2014, a claim was made in state court for release of Messa's vehicle. That action triggered the requirement upon the government to file a civil forfeiture proceeding within ninety (90) days per 18 U.S.C. §983(a)(3)(A). The government timely filed the Verified Complaint for Forfeiture *in Rem* on June 2, 2014. [Rec. Doc. 1]. Messa filed an Answer to the Complaint [Rec. Doc. 5], generally denying any knowledge that her vehicle was involved in illegal activity and advancing an 'innocent owner' defense. The government now seeks to have the civil forfeiture proceeding stayed pending the conclusion of the related criminal investigation or trial per 18 U.S.C. §981(g)(1).

## Applicable Law and Analysis

To succeed with a motion to stay invoking 18 U.S.C. §981(g)(1), the government must show that (1) discovery in the case will adversely affect the pending criminal case, and (2) the criminal action is "related" to the instant case. *United States v. All Funds ($357,311.68) Contained in N. Trust Bank of Fla. Account,* No. 04-1476, 2004 WL 1834589, at *1-4 (N.D.Tex. Aug. 10, 2004); *United States v. $1,730,010.00 in U.S. Currency More or Less*, 2007 WL 1164104 (W.D. Tex. Apr. 16, 2007). The government asserts that criminal and civil matter "overlap," and that allowing Messa to obtain civil discovery from the government concerning an active criminal investigation would adversely affect the government's ability to conduct its investigation and complete the criminal prosecution, and they seek protection from the expansive scope of civil

discovery. They argue that a six month stay would allow for completion of the related criminal investigation.

In response to the arguments of the parties and the questions from the Court in the interests of protecting the integrity of the government's criminal investigation while affording Ms. Messa her right to discover evidence to address the question whether her vehicle is properly 'forfeitable,' the parties have agreed to a range of limited discovery which could be undertaken in the case, both formally and informally, with avenues for objection by the government and restriction by the Court. Specifically, Ms. Messa may formally inquire through normal civil discovery techniques, to which the government may object if appropriate and the Court will fashion the appropriate protective order on an individual basis.

Therefore, the Motion to Stay is DENIED, without prejudice to the right of the mover to seek additional relief as/if necessary.

Signed at Lafayette, Louisiana this 26th day of August, 2014.

_____
Patrick J. Hanna
United States Magistrate Judge